# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 23-2161V

| | |
|---|---|
| * * * * * * * * * * * * * <br> ZAHRAA ALHROUB, <br> *on behalf of her child*, <br> NOOR ALHAYADIR, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * * | Chief Special Master Corcoran <br><br><br><br><br><br><br> March 10, 2026 |

*Christopher Williams,* Siri & Glimstad LLP, New York, NY, for petitioner.

*Crystal Fialkowski,* U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On December 21, 2023, Zahraa Alhroub, on behalf of her child, Noor Alhayadir, filed a petition for compensation under the National Vaccine Injury Compensation Program. Petition ("Pet.") (ECF No. 1); 42 U.S.C. § 300aa-10, *et seq.* (the "Vaccine Act").[2] Petitioner alleges that Ms. Alhayadir suffered post-vaccination myelitis after receipt of human papillomavirus and tetanus, diphtheria, and acellular pertussis vaccines on December 21, 2020. Pet. at Preamble. Resolution of the matter remains pending.[3]

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] This matter was until recently before Special Master Gowen, who retired earlier this month. It has since been transferred to my docket.

Petitioner has now filed a motion for an interim award of attorney's fees and costs.  Interim Fees Motion ("Int. Fees Mot.") (ECF No. 30).  It is the first fees request in this case, and is occasioned by the withdrawal of her prior counsel on December 26, 2024.  Motion to Substitute Attorney, dated Dec. 26, 2024 (ECF No. 31).  Petitioner requests a total of $36,570.74, reflecting $35,016.00 in fees, plus $1,554.74 in costs.  Interim Fees Mot. at 56.

Respondent reacted to the fees request on January 3, 2025.  Response, dated Jan. 3, 2025 ("Resp.") (ECF No. 34).  Respondent defers to my discretion as to whether the statutory requirements for a fees and costs award are met herein, and if so, the calculation of the amount to be awarded.  Resp. at 2.  Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding fees and costs in the total amount of **$36,570.74**.

## I.    Requests for Interim Attorney's  Fees and Costs

In prior decisions, I have discussed the standards governing the award of interim attorney's fees and costs.  *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).  It is well established that an entitlement determination is not required before fees or costs incurred to that point may be awarded on an interim basis, prior to the case's full resolution.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1376 (Fed. Cir. 2010); *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  However, because entitlement typically has not yet been determined at the time an interim award is sought, the requesting party must satisfy the reasonable basis standard applicable to unsuccessful cases.  *Avera*, 515 F.3d at 1352.

While there is no presumption that fees and costs will be awarded prior to a case's final determination, special masters have discretion to make such awards, and often do so.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).  Requests for interim fees and costs are subject to the same general standards governing final fee awards.  *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.  Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,00.00; 2) whether expert costs are requested, particularly where the aggregate amount exceeds $15,00.00; and 3) whether the case has been pending for more than eighteen months.  *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).  In addition, withdrawal or substitution of counsel

is often considered reasonable grounds, in itself, for awarding interim fees and costs (absent foundational concerns regarding the claim's reasonable basis). *See e.g., Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012).

As with any fee request, counsel must submit contemporaneous and specific billing records identifying the services performed, the number of hours expended, and the individual performing the work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." *Id.* Moreover, a special master may reduce a fee request sua sponte, apart from any objections raised by respondent and without providing a petitioner notice or opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

Petitioners bear the burden of establishing the hours expended, the rates charged, and the expenses incurred. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). Petitioners "should present adequate proof [of the requested attorney's fees and costs] at the time of the submission." *Id.* at 484 n.1. Petitioners' counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

I find an interim award is appropriate in this case, primarily in light of prior counsel's withdrawal from the case. Although it remains unclear whether the underlying claim will ultimately succeed, the record does not presently raise concerns regarding reasonable basis (meaning a lack of *some* objective evidence supporting the claim), and Respondent has not argued to the contrary. Accordingly, I will allow an interim award.

## II.    Calculations of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating

a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely*, 461 U.S. at 429–37.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Here, Petitioner requests that her former lead attorney, Mr. Andrew Downing, and his co-counsel and paralegal staff be reimbursed for work performed on her case from December 19, 2023, through December 22, 2024. Interim Fees Mot. at 61-75. Petitioner has submitted attorney billing records in support of the request in accordance with Vaccine Guidelines, Section X(3)(B). Review of those records provides the following hourly rates for the work performed:

| Name and Role | Year of Work Performed | Hourly Rate |
|---|---|---|
| Andrew Downing, Lead Attorney | 2023 | $445 |
| | 2024 | $485 |
| Ann Allison, Attorney | 2023 | $415 |
| | 2024 | $435 |
| Courtney Jorgenson, Attorney | 2023 | $345 |
| | 2024 | $375 |
| Danielle Avery, Paralegal | 2023 | $155 |
| | 2024 | $175 |
| Samantha Perez, Paralegal | | |
| | 2024 | $175 |
| Alex Malvick, Paralegal | 2023 | $155 |
| | 2024 | $175 |

*Id*. at 59.

The attorneys at former counsel's firm have been recognized to practice in forum, thus, entitling them to commensurate rates established in *McCulloch*. *See Rossiter v. Sec'y of Health & Human Servs.*, No. 20-1888V, 2023 WL 3778899, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023); *Hart v. Sec'y of Health & Human Servs.*, No. 23-1981V, 2026 WL 458779, at *3 (Fed. Cl. Jan. 14, 2026); *Bhatia on behalf of S.B. v. Sec'y of Health & Human Servs.*, No. 24-946V, 2026 WL 459253, at *3 (Fed. Cl. Jan. 15, 2026). These rates are consistent with what has been awarded to counsel, associates, and paralegals in the past and are in line with the approved rates contained in the Fee Schedule. *See e.g.*, *Lucas v. Sec'y of Health & Human Servs.*, No. 19-1525V, 2025 WL 1158901, at *5 (Fed. Cl. Mar. 25, 2025); *Cracraft v. Sec'y of Health & Human Servs.*, No. 20-0562V, 2024 WL 2992939, at *3 (Fed. Cl. Spec. Mstr. May 9, 2024); *Hart*, 2026 WL 458779, at *2; *Bhatia*, 2026 WL 459253, at *2.

Respondent does not object to the reasonableness of the requested hourly rates or the number of hours expended. Upon review, I find no basis to reduce either component of the requested attorney's fees and conclude that the requested fees are reasonable and appropriate. I thus find no cause to reduce them in this instance. I deem the time devoted to the matter to be reasonable, and I will therefore award all fees requested without adjustment.

## III.    Calculation of Litigation Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault*, 52 Fed. Cl. at 670; *Perreira*, 27 Fed. Cl. at 34. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16 (noting that only *costs incurred*, rather than *projected expenses*, may be reasonable). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,554.74 in outstanding costs, including the filing fee and medical record retrieval costs. Interim Fees Mot. at 75-76. Petitioner has provided supporting documentation for all claimed costs. *See id.* at 77-116. The costs requested herein are typical in Program cases and were reasonably incurred in this matter, and Respondent offered no specific objection to the rates or amounts sought. Therefore, I find the requested costs reasonable and hereby award them in full.

5

**CONCLUSION**

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT** Petitioner's Motion for an Interim Award of Attorney's Fees and Costs.

I award a total of **$36,570.74** (reflecting $35,016.00 in fees, and $1,554.74 in costs) to be paid through an ACH deposit to Petitioner's former counsel, Mr. Andrew D. Downing's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

6